

# Fourth Court of Appeals
## San Antonio, Texas

March 6, 2018

No. 04-18-00006-CR

Brandon Lee **RICE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 13170CR
Honorable Enrique Fernandez, Judge Presiding

# O R D E R

On October 9, 2015, Brandon Lee Rice was convicted of burglary of habitation. On January 8, 2018, appellant filed a pro se notice of appeal, seeking to appeal his underlying conviction. The clerk's record contains a copy of the judgment of conviction, but does not include a motion for new trial. Because appellant did not file a timely motion for new trial, the deadline for filing a notice of appeal was November 9, 2015.[1] *See* TEX. R. APP. P.26.2(a)(1). A notice of appeal was not filed, however, until January 8, 2018, and at no point did appellant timely file a motion for extension of time to file the notice of appeal. *See id.* R. 26.3.

We therefore **ORDER** appellant to file a written response in this court on or before **April 5, 2018** showing cause why we should not dismiss this appeal for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed for want of jurisdiction. If a supplemental clerk's record is required to show jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made.

In addition, the trial court signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." See TEX. R. APP. P. 25.2(a)(2). Although we have yet to

---

[1] The original deadline for filing a notice of appeal was November 8, 2015; however, because that day fell on a Sunday, the deadline extended to Monday, November 9, 2015. *See* TEX. R. APP. P. 4.1(a).

determine if appellant filed a timely notice of appeal, this court is required to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *See id.* R. 25.2(d).

Accordingly, appellant is hereby given notice that this appeal will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal is made part of the appellate record on or before **April 5, 2018**. *See id.*; *See id.* R. 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **order** all appellate deadlines suspended until further order of the court. We further order the clerk of this court to serve copies of this order on appellant, the attorneys of record and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of March, 2018.

_____
Keith E. Hottle
Clerk of Court